NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 14, 2017[*]
Decided June 15, 2017

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 17-1305

| | |
|---|---|
| GREGORY DABBS, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 16-CV-1463 |
| PEORIA COUNTY, ILLINOIS, et al., <br> *Defendants-Appellees*. | Joe Billy McDade, <br> *Judge*. |

## O R D E R

Gregory Dabbs, an Army veteran, appeals the dismissal of his civil-rights suit against Peoria County and two county officials for constitutional violations arising out of (1) the denial of his application for state veterans' benefits and (2) a subsequent

---

[*] We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C). The defendants were not served with process in the district court and are not participating in this appeal.

altercation that resulted in his arrest. The district court concluded that his complaint did not state a claim upon which relief could be granted and dismissed it. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). We agree that his allegations do not state a claim and affirm.

As he set forth in his amended complaint, Dabbs, through an Illinois veterans program, requested payment from Peoria County for a utility bill. The defendants, he alleges, unlawfully denied his request, and as a result he was without utilities for more than a month. Dabbs also alleges that days after he was denied payment, he was unlawfully arrested for "petty disorderly conduct" and involuntarily committed to a local hospital. Roughly one year later Dabbs brought this lawsuit and, in his amended complaint, asserts that his constitutional rights were violated. He does not, however, identify the particular defendants or misconduct that caused these violations.

The district court screened the amended complaint under § 1915(e)(2)(B)(ii) and dismissed it with prejudice for failure to state a claim. Dabbs, the court explained, did not "provide more than wholesale recitations of legal conclusions, which are devoid of facts upon which a claim of relief can be granted," nor did he give the defendants proper notice of the particular claims he meant to assert.

Dabbs's brief on appeal does not develop any argument, *see* FED. R. APP. P. 28(a)(8)(A), but we can discern at least one issue for review—whether the district court wrongly determined that the defendants "would not understand what they were being sued for." But even if we, as did the district court, give Dabbs's amended complaint the lenient reading that pro se pleadings deserve, his conclusory assertions of constitutional violations do not specify which defendants were responsible for which allegedly unlawful acts. To survive a motion to dismiss, a complaint must give defendants "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). Because Dabbs's amended complaint does not meet this requirement, the judgment is

AFFIRMED.